RECEIVED
IN LAKE CHARLES, LA
APR - 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CUSTOM METAL FABRICATORS, INC. : | | C:07-CV-1450 |
| VS. : | | |
| | | JUDGE MINALDI |
| INDIAN HARBOR INSURANCE COMPANY AND ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. : | | MAGISTRATE JUDGE KAY |

RULING ON MOTION
TO RECUSE MAGISTRATE JUDGE

On February 14, 2008, Custom Metal Fabricators, Inc., (CMF) caused to be filed a Motion to Recuse Magistrate Judge. [Doc. 17]. For reasons set forth below and by separate order that motion is DENIED.

CMF alleges this court should recuse itself under 28 U.S.C. § 455(a) which provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or, alternatively, under 28 U.S.C. § 455(b)(1) which mandates recusal by a judge who "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

All factual allegations made by CMF to support its claim for recusal surround previous domestic litigation involving one of its shareholders, James Cureton. CMF correctly states that the undersigned represented the ex-spouse of James Cureton from July of 2001 to March of 2003. CMF further alleges that "ownership status" of the interest of James Cureton "was an

issue that was litigated during the course of" the domestic litigation. CMF further states that availability of financial information from Custom Metal was "a highly contested issue" and "led to questions about the internal workings of the business operations of movant Custom Metal." What CMF fails to point out is that the domestic litigation involving James Cureton and his ex-spouse included more than classification of ownership of CMF and that the issue of classification and any related "questions about the internal workings of the business operations" of CMF were handled by new counsel after withdrawal of the undersigned.

The instant litigation involves a claim made by CMF against its purported insurer and insurance agent for coverage it claims it is owed. This controversy does not involve James Cureton and he is not a party to this litigation. Ownership of CMF has no bearing on this litigation.

A motion to disqualify brought pursuant to 28 U.S.C. § 455 is "committed to the sound discretion" of the person against whom it is filed. *Sensley v. Albrighton*, 385 F.3d 591 (5th Cir. 2004) (citing *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir. 1982)). When considering a request for recusal under 28 U.S.C. § 455(a), a judge must recuse himself if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The judge must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *U.S. v. Jordan*, 49 F.2d 152, 156 (5th Cir. 1995). This objective yet thoughtful observer "understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary." *In re Mason*, 916

F.2d 384. 385-86 (7th Cir. 1990) (quoted in *Sensley*, 385 F.3d at 599). At the same time, the duty of a judge "to sit where not disqualified . . . is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (quoted in *Sensely*, 385 F.3d at 598-99).

Movant has failed to articulate how any "well-informed, thoughtful, and objective observer" would harbor doubts about this magistrate judge's impartiality when the basis of alleged impartiality identified is that the undersigned, five years ago, represented the ex-spouse of one of the shareholders of plaintiff in litigation the subject matter of which has no bearing on the present litigation. This court does not find that any "well-informed, thoughtful, and objective observer" would believe that the undersigned's involvement in that litigation would cause her to be impartial.

Movant also maintains correctly that the domestic litigation involving James Cureton was mentioned in an Application for Exercise of Exclusive Supervisory Administrative Authority filed with the Louisiana Supreme Court. Movant also correctly notes that the pleading referred to states as a fact that review of the Cureton v. Cureton suit record revealed that delays in having the matter ultimately concluded were a result of requests for continuances by James Cureton and repeated failure of James Cureton to produce information. Movant then poses a rhetorical hypothetical to illustrate how the undersigned may be biased by stating:

> Potential problems with keeping this matter before this court could arise, for example, if a discovery issue emerged. Judge Kay's prior experience with movant. [sic] A reasonable observer would certainly believe that Judge Kay's prior statements and involvement with movant would impact her decision making.

CMF Memo at p. 4.

The undersigned has no prior involvement with movant. CMF was not a party to the state court domestic litigation in which the undersigned acted as counsel. James Cureton is not a

party to this litigation. James Cureton's actions or inactions in his domestic litigation would have absolutely no bearing on this corporate plaintiff's actions or inactions in this litigation against its insurer.

Notwishtanding CMF's statement of what the "reasonable observer" may think, this court finds that no "well-informed, thoughtful, and objective observer" would believe that the identified statement of fact could, in any manner, be reflective of impartiality against this corporation which was not the subject of the statement.

In a ruling a Motion to Recuse filed against him, Judge Frank Polozola stated as follows:

> This judge knows that he is required to preside in this case in a fair and impartial manner without bias, prejudice or sympathy for or against any party. That is what the law and my oath of office require, and that is what I shall do in this case or in any other case in which I am privileged to preside.

*United States v. Edwards*, 39 F.Supp 2d 692, 716 (M.D. La. 1999). I am also very aware of what I am required to do and have taken an oath to do and that is what I shall do in this case or in any other case in which I am privileged to preside.

The motion to recuse is DENIED and it is so ordered.

Lake Charles, Louisiana, this 2nd day of April, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE